### LEONARD STURTEVANT *vs.* EUGENE STURTEVANT & others.

If the interest of an intestate in a partnership has been inventoried and sold by the administrator for notes, the receipt by him of the notes after the expiration of two years from the time of giving bond and notice of his appointment as administrator does not authorize a delay in the distribution of the estate for the purpose of allowing him to retain assets sufficient to satisfy the claim of a creditor in another state who has given notice of his demand, and who commenced a bill in equity in such other state against the intestate in his lifetime to establish it.

APPEAL by the administrator of the estate of Newell Sturte vant from a decree of the judge of probate, ordering that he distribute to the heirs the balance of said estate remaining in his hands.

At the hearing, it was agreed that the intestate died in 1856, and that Leonard Sturtevant was appointed administrator of his estate on the 22d of December of that year, and immediately gave the usual notice and bond. The intestate, at the time of his death, had a large undivided interest in the firm of N. Sturtevant & Co., which was appraised in the original inventory of his

estate at $271,076, and which the administrator, on the 4th of February 1857, by consent of the heirs, sold to the surviving partners of the firm, who agreed to pay him partly in certain notes and mortgages, a portion of which were delivered over to him in June 1859 and a portion in December 1859. The administrator's final account, approved in December 1860, showed a balance in his hands of $30,676.19, of which certain notes so delivered over to him composed a part. The intestate was possessed of property in Philadelphia, where a branch of the firm was established, and one Jones was appointed and is ancillary administrator of the estate in Pennsylvania. In March 1860 the administrator in this commonwealth received a letter from the attorneys of one Noble of Philadelphia, saying that he filed a bill in equity against the intestate, in his lifetime, and others, in the supreme court of the United States, which was still pending, and that he believed he should be able to show that the intestate was indebted to him in a very large sum, and warning the administrator against paying over money in his hands until the determination of the cause. The amount claimed in the suit was larger than the sum remaining in the administrator's hands here, or in Philadelphia.

On these facts, the decree of the judge of probate was affirmed, and the administrator appealed to the whole court.

*C. P. Curtis, Jr.*, for the appellant.

*E. D. Sohier & C. A. Welch*, for the appellees.

HOAR, J. The decree of the probate court ordering a distribution of the estate of Newell Sturtevant should be affirmed, unless the administrator is bound by law to retain assets sufficient to satisfy the claim of the creditor who has given him notice of his demand. No suit was commenced against the administrator within two years from the time of his giving his bond and notice of his appointment. The claim of the creditor is therefore barred, and constitutes no objection to the final settlement of the estate, unless it is brought within some one of the exceptions under Gen. Sts. *c.* 97.

The exception named in the 6th section is of the case " where assets come to the hands of an executor or administrator after

tne expiration of two years." But by these are obviously meant assets for which the administrator has not been previously liable, and not merely the shape which existing assets, with which the administrator has already been charged, may assume. They are spoken of as " such new assets " in another clause of the same section. Thus if the administrator has charged himself with a promissory note due to his intestate, this note is a portion of the assets in his hands, and it does not become new assets when it is collected and converted into money.

In this case the interest in the estate of N. Sturtevant & Co., belonging to the intestate, was included in the original inventory as a part of the assets for which the administrator was chargeable. It was a chose in action, because the property of the partnership vested in the surviving partners. It was the duty of the administrator to collect this demand for the benefit of the estate ; but if it had been paid to him in money, or if he had sold it for any sum to a purchaser, the money received would not have been new assets, any more than in the case of the sale of any article of personal property. When the administrator, by the consent of the heirs, received from the surviving partners certain notes and mortgages in discharge of his debt, it did not change his liability to account for the whole of the inventory. It was merely a change of the form of the assets, converting them into a species of property which the heirs were content to receive instead of money, and in which, if all debts were paid, they would receive their shares of the estate by agreement with the administrator. These notes were not, therefore, new assets within the meaning of the statute.

No new cause of action is shown to have accrued to the creditor since the expiration of two years from the giving of the administration bond, and there appears to us no legal objection to the propriety of the decree of the probate court, directing the distribution of the estate.                    *Decree affirmed.*